IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JEANNIE L. COSBY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-354-A |
| | § | |
| WARDEN JODY UPTON, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the application of Jeannie L. Cosby ("applicant") for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court, having considered the application, the response of Jody Upton, Warden, the record, and applicable authorities, finds that the application must be dismissed for lack of jurisdiction.

I.

Application

On May 10, 2018, applicant filed her original application for writ of habeas corpus. Doc.[2] 1. By order signed May 11, 2018, the court noted that the original form was not signed or verified by applicant or someone acting on her behalf; nor was it

---

[1] The document filed by applicant reflects that it is a "petition" and that she is "petitioner." However, the statute itself, 28 U.S.C. §2241, refers to "application" as being the proper nomenclature.

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

accompanied by payment or an application to proceed <u>in forma pauperis</u>. Doc. 5. On June 4, 2018, applicant filed her amended application, Doc. 6, and motion for leave to proceed <u>in forma pauperis</u>, Doc. 7, which the court granted. Doc. 8.

As the sole ground of her application, applicant states: "Wheeler/Simmons Claim." Doc. 6 at 5. The supporting facts are: "I was given an § 851 enhancement for 4 8 to 10 month sentences (Simmons claim) that has now become attackable on my mandatory minimum federal sentence under Wheeler (2018)." <u>Id.</u> No further explanation is offered.

II.

<u>Background</u>

As best the court can tell, this appears to be the fourth motion applicant has filed seeking to vacate, set aside, or correct her sentence. The decision on the first such motion is attached as Exhibit E to the government's appendix in support of its response. Doc. 13, Ex. E. Thereafter, applicant filed a second such motion that was dismissed as successive. <u>Cosby v. United States</u>, No. 1:16-CV-00113-MR, 2016 WL 2596658 (W.D.N.C. May 5, 2015). And, she filed a document construed as a third such motion that was dismissed as unauthorized. <u>Cosby v. United States</u>, No. 1:07-CR-00033-MR-DLH-3, 2016 WL 9185093 (W.D.N.C. Aug. 22, 2016).

2

The memorandum of decision and order on the first § 2255 motion reflects that applicant raised the same issue she seeks to raise here, that is, four of her past state convictions used to establish her career offender status are insufficient under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Doc. 13 at 41.[3] The opinion explains why applicant could not prevail in any event, given her extensive criminal background. Id. at 42-46.

III.

Applicable Legal Principles

An application for writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 serve distinct purposes. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is used to challenge errors that occurred during or before sentencing. Id.; Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997). Section 2241 is a means of attacking the manner in which a sentence is executed. Pack, 218 F.3d at 451; Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 application that challenges the validity of a conviction and sentence is ordinarily dismissed or construed as a § 2255 motion. Pack, 218 F.3d at 452.

---

[3]The opinion can be found on-line at 2015 WL 727945.

A federal prisoner may challenge the legality of her detention under § 2241 if she falls within the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the court may consider a petition attacking a sentence under § 2241 "*if* the petitioner establishes that the remedy under § 2255 is inadequate or ineffective." Tolliver, 211 F.3d at 878 (emphasis in original).

The bar against filing successive § 2255 motions does not render § 2255 inadequate or ineffective so as to allow a petitioner to invoke the savings clause of § 2255. Tolliver, 211 F.3d at 878. Nor does the time bar, the one-year limitations period, for filing such motions. Pack, 218 F.3d at 452. Instead, the savings clause of § 2255 applies only to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The first prong is generally considered the "actual innocence" requirement. Id.

When an applicant cannot satisfy the savings clause, the proper disposition is dismissal of the § 2241 application for want of jurisdiction. Christopher v. Miles, 342 F.3d 378, 379, 385 (5th Cir. 2003); Lang v. Wilson, No. 4:16-CV-1018-), 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018).

IV.

Analysis

Here, applicant fails the first prong of the savings clause test as she does not rely on any retroactively applicable Supreme Court decision to support her claim to relief. Santillana v. Upton, 846 F.3d 779, 782 (5th Cir. 2017). Instead, applicant cites only to Fourth Circuit cases, to wit, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). She makes no attempt to establish the other prong of the test.

Finally, as the government notes, applicant waived her right to pursue post-conviction relief. The court has no reason to believe that such waiver was not informed and voluntary. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

V.

Order

The court ORDERS that applicant's application under 28 U.S.C. § 2241 be, and is hereby, dismissed for lack of jurisdiction.

SIGNED July 27, 2018.

_____
JOHN McBRYDE
United States District Judge